NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ANGELO STEVE ZUNIGA ANGULO, | : | CIV. NO. 20-2521 (RMB) |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID ORTIZ, | : | |
| | : | |
| Respondent | : | |

BUMB, District Judge

On March 9, 2020 Petitioner Angelo Steve Zuniga Angulo, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, scope of the rules.

I.   THE PETITION

On May 18, 2018, upon Petitioner's guilty plea, a Judgment of Conviction was entered against Petitioner in the United States District Court, Middle District of Florida for conspiracy and possession with intent to distribute five kilograms or more of

cocaine all while aboard a vessel subject to the United States Jurisdiction, in violation of 46 U.S.C. § 70503. (Pet., ¶¶1-4, Dkt. No. 1.) Petitioner was sentenced to a 168-month term of imprisonment. (Id.) His motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was denied. (Id., ¶11.) Here, Petitioner asserts five grounds for habeas relief: (1) 46 U.S.C. § 70503, the Maritime Drug Law Enforcement Act ("MDLEA"), is unconstitutional as applied to Petitioner; (2) the statute, as applied, exceeded Congress' authority under Article I, Section 8, Clause 10 of the United States Constitution; (3) the Government failed to prove the vessel was without nationality; 4) the jurisdictional requirements of § 70502(d)(1)(B) were not met; (5) the search and seizure of the vessel violated the Fourth Amendment. (Pet., Dkt. No. 1 at 12-13.)

II.  DISCUSSION

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Davis v. Warden Allenwood FCI, No. 19-2641, 2020 WL 3446811, at *1 (3d Cir. June 24, 2020) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). 28 U.S.C. § 2255(e), provides an exception to the presumption when a motion under § 2255 is inadequate or ineffective to test the legality of his detention. The Third Circuit has found only one circumstance where it is appropriate to bring a habeas petition under § 2241 based on the "safety valve" of § 2255(e), where a prisoner alleges "he is

being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision, with 'no other avenue of judicial review available' to 'challenge his conviction'" Davis, 2020 WL 3446811, at *2 (quoting In re Dorsainvil, 119 F.3d 245, 247-48 (3d Cir. 1997)). Petitioner does not rely on an intervening Supreme Court statutory interpretation; he argues the sentencing court was without jurisdiction based on arguments that were available on direct appeal, or as ineffective assistance of counsel claims for post-conviction relief. The safety valve of § 2255(e) is not available to avoid the gatekeeping requirements of § 2255, including the prohibition of a second or successive § 2255 motion without permission from the appropriate Court of Appeals, pursuant to § 2254(h). See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); 28 U.S.C. § 2255(h).

The claims in the petition do not appear to meet the requirements for a second or successive § 2255 motion under § 2255(h) because Petitioner does not present newly discovered evidence of his actual innocence or rely on a new rule of constitutional law by the Supreme Court, made retroactive to cases on collateral review. Therefore, the interests of justice do not require this Court to transfer the petition to the Eleventh Circuit Court of Appeals under 28 U.S.C. § 1631.

III. CONCLUSION

For these reasons, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction. An appropriate Order follows.


**Date: July 9, 2020**

                                              **s/Renée Marie Bumb**
                                              RENÉE MARIE BUMB
                                              United States District Judge